No. 25-1256

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

WILLIAM JOINER, an individual,

*Plaintiff and Appellee*,

v.

ANDREW CALLAGHAN, an Individual; CHANNEL 5 LLC, a Washington Limited Liability Company; EVAN GILBERT-KATZ, an Individual; NICOLAS MOSHER, an Individual; KELLY SCOTT JOHNSON, an Individual; and DOES 1 through 200, Inclusive,

*Defendants and Appellants.*

_____

On Appeal from the United States District Court
for the Central District of California
The Honorable Consuelo B. Marshall
Case No. 8:24-cv-01160-CBM-KS

_____

## MOTION TO HOLD APPEAL IN ABEYANCE

_____

Jonathan L. Segal (#264238)
jonathansegal@dwt.com
Samantha Lachman (#331969)
samlachman@dwt.com
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Fl.
Los Angeles, California 90071
(213) 633-6800

Abigail B. Everdell
abigaileverdell@dwt.com
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Fl.
New York, NY 10020
(212) 489-8230

*Attorneys for Defendants-Appellants Andrew Callaghan, Channel 5 LLC,
Evan Gilbert-Katz, and Nicolas Mosher*

Appellants Andrew Callaghan, Channel 5 LLC, Evan Gilbert-Katz, and Nicolas Mosher (collectively, "Appellants") respectfully move this Court to hold this appeal in abeyance pending the outcome of the petition for certiorari to be filed by the appellants in *Gopher Media LLC v. Melone*, No. 24-2626, and adjourn the oral argument currently scheduled for December 9, 2025.[1]

*Gopher Media* deepened a circuit split on the availability of immediate interlocutory appeal of orders denying anti-SLAPP motions, including those filed under California Code of Civil Procedure § 425.16. Accordingly, the en banc panel in *Gopher Media* recently entered an order staying issuance of the mandate in that case pending resolution of the appellants' forthcoming cert petition. Since the resolution of that petition will determine whether this Court can review the merits of the trial court decision on appeal in this case, it would serve judicial efficiency to hold this appeal in abeyance pending the outcome of that petition.

## BACKGROUND

This case is on appeal from the trial court's order denying Appellants' special motion to strike Appellee William Joiner's state law claims pursuant to California Code of Civil Procedure § 425.16 ("Section 425.16"). Joiner brought a number of state law claims (in addition to two federal claims) arising from Appellants' creation,

---

[1] Counsel for Appellee has said he will oppose this motion.

promotion, and publication of a documentary film entitled "Dear Kelly." The documentary probes how January 6 Capitol Attack participant Kelly Johnson's obsession with the man who foreclosed on his home—Appellee Joiner—reflects pathologies common among January 6 participants, and explores whether Johnson can be drawn out of the proverbial "rabbit hole" by confronting his past with Joiner. *See* ECF No. 14 at 8. In its order on appeal, the trial court held that Appellee's claims were not subject to Section 425.16 because they did not arise from speech on a matter of public concern.

Previously, a denial of an anti-SLAPP motion was subject to immediate interlocutory appeal under the collateral order doctrine. *See Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003) ("California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit," and a "district court's denial of a claim of immunity, to the extent that it turns on an issue of law, is an appealable final decision. . . notwithstanding the absence of a final judgment"); *see also DC Comics v. Pac. Pictures*, 706 F.3d 1009, 1013, 1015- 16 (9th Cir. 2013) (same). Under this precedent, this Court had jurisdiction to hear the present appeal,

2

which was fully briefed as of October 8, 2025,[2] and is calendared for oral argument on December 9, 2025.  ECF No. 39.

On October 9, 2025, however, this Court issued its en banc opinion in *Gopher Media*, overruling *Batzel* and holding that an order denying an anti-SLAPP motion brought under Section 425.16 is not immediately appealable under the collateral order doctrine absent a certification by the district court.  *See Gopher Media LLC v. Melone*, 154 F.4th 696, 702 & n.3 (9th Cir. 2025).  The appellants in *Gopher Media* filed a Motion to Stay the Issuance of Mandate on October 14, 2025, indicating their intent to seek a writ of certiorari from the U.S Supreme Court because, among other reasons, the Court's decision in *Gopher Media* deepened a Circuit split on the immediate appealability of denials of special motions to strike.  *See Gopher Media*, No. 24-2626, ECF No. 92.  On October 17, 2025, the appellants in *Gopher Media* supplemented that motion with newly issued authority from the Federal Circuit, *IQE PLC v. Newport Fab, LLC*, --- F.4th ----, 2025 WL 2922441 (Fed. Cir. Oct. 15, 2025), that compounded the circuit split by upholding the immediate appealability of denials of anti-SLAPP motions under Section 425.16.  *Gopher Media LLC v. Melone*, 24-2626, ECF No. 93.  On October 27, 2025, the *Gopher Media* panel

---

[2] Appellants filed their Opening Brief on June 18, 2025, Appellee opposed on August 18, 2025, and Appellants replied on October 8, 2025.  *See* ECF Nos. 14, 22, 40.

granted the appellant's motion and stayed the issuance of the mandate pending the resolution of its forthcoming writ of certiorari. *Id.*, ECF No. 95.

On October 31, 2025, the Court in the present appeal directed the parties to file letter briefs on the effect of the decision in *Gopher Media* upon this appeal. ECF No. 43.

## ARGUMENT

Federal courts possess the "inherent power" to stay or administratively close a case (i.e. impose the "practical equivalent of a stay") when doing so would save the court, counsel, and litigants unnecessary "time and effort." *Sarkar v. Garland*, 39 F.4th 611, 617-18 (9th Cir. 2022) (citations and internal quotation marks omitted). Such measures are a "matter of discretion." *Id.* This Court has exercised that discretion to, for example, administratively close an appeal when "awaiting a decision in a different case pending in our court or another court that will resolve a key issue in the subject case," *see id.*, 39 F.4th at 618 (citing *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, No. 18-55407, 2019 WL 5390028, at *1 (9th Cir. Oct. 21, 2019) ("withdraw[ing] submission of [an] appeal and stay[ing] all further proceedings" pending a U.S. Supreme Court decision)), to certify a question to a state court, *see Himes v. Somatics, LLC*, 29 F.4th 1125, 1127–28 (9th Cir. 2022), or to place an appeal in abeyance for the sake of settlement discussions. *See, e.g., E. Bay Sanctuary Covenant v. Biden*, 93 F.4th 1130, 1131 (9th Cir. 2024).

4

Courts balance several interests in deciding whether to issue a stay of this nature, including the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law; the hardship or inequity which a party may suffer in being required to go forward; and the possible damage which may result from the granting of a stay. *See Sarkar*, 39 F.4th at 617-18 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests favor staying this appeal.

*First*, a stay all but guarantees the orderly and efficient resolution of this case, as it will serve to avoid further motion practice and clarify the issues for the parties, this Court, and the district court below. While Appellants acknowledge that *Gopher Media* appears to foreclose the previously permitted uncertified interlocutory appeal that Appellants filed in this case, that decision also created a "substantial question" sufficient for that panel to have stayed the mandate pending the filing of a writ for certiorari. F.R.A.P. 41(d)(2)(A); *see also* 9th Cir. R. 41-1 (stating that a stay of the mandate pending petition to the Supreme Court "will not be granted as a matter of course"). Specifically, the Court's en banc decision is in direct conflict with holdings from the First, Second, Fifth, and Federal Circuits. *See Franchini v. Inv's Bus. Daily, Inc.*, 981 F.3d 1, 8 n.6 (1st Cir. 2020) (reaffirming that denials of anti-SLAPP motions should be immediately appealable); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 156 (2d Cir. 2013) (same); *Henry v. Lake Charles Am.*

5

*Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009) (same); *IQE PLC*, 2025 WL 2922441, at \*4 & n.3 (same). The decision also conflicts with related Supreme Court precedent addressing the immediate appealability of important rights, including a right to be free from trial that is conferred by state statute. *See*, *e.g.*, *Plumhoff v. Rickard*, 572 U.S. 765, 772-73 (2014) (right to avoid trial is a legal issue that is immediately appealable where determination turns on potential violation of constitutional right). And, it conflicts with the Supreme Court's longstanding recognition that the rights protected by the First Amendment are too important to be "deprive[d] … during the period of appellate review … in the normal course[.]" *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977).

Absent a stay, this case will be litigated in the shadow of the "substantial question" raised by *Gopher Media*, which will govern whether the court has jurisdiction over this appeal. Accordingly, if the Court were to dismiss the present appeal for lack of jurisdiction, Appellants will move to stay the issuance of the mandate pending their own petition for a writ of certiorari, citing the same issues flagged above as well as the disastrous implications of the district court's erroneous conclusion that Appellants' challenged speech—a documentary film about the roots of the political radicalization that led to January 6—did not address a matter of public concern. *See* ECF No. 14 at 4, 17-27. Holding this appeal in abeyance now would prevent that unnecessary motion practice, and allow the Supreme Court the

opportunity to weigh in—whether through denying the *Gopher Media* cert petition or granting certiorari and resolving the circuit split—on how the parties should move forward. *See Sarkar*, 39 F.4th at 618 ("halting the proceedings serves the efficient resolution of the subject case [by] allow[ing] action by ... a different forum that will impact ... the basis of our decision"); *Consumer Fin. Prot. Bureau*, 2019 WL 5390028, at *1.

*Second*, and relatedly, proceeding with this case under the shadow of *Gopher Media* will expose Appellants to potential undue hardship. *Gopher Media* reflects a serious change in law with profound consequences to the fight against meritless challenges to expressive conduct, as reflected in the public policy undergirding California's anti-SLAPP statute. The Supreme Court has recognized that "[t]he chilling effect upon the exercise of First Amendment rights may derive from the fact of the prosecution [of a lawsuit], unaffected by the prospects of its success or failure." *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965). *See also Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (forcing journalists to undergo discovery can undermine "society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public"). Section 425.16 was enacted to address precisely this policy concern: "[N]ot only did the Legislature desire early resolution to minimize the potential costs of protracted litigation, it also sought to protect defendants from the burden of traditional discovery pending

7

resolution of the motion." *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps*, 99 Cal. App. 4th 1179, 1190 (2002). If the Court proceeds with this case and dismisses the appeal, Appellants will necessarily have to litigate in a manner Section 425.16 was explicitly meant to foreclose. And if the Supreme Court then takes up and reverses *Gopher Media*, it will be too late for Appellants to reclaim Section 425.16's protections. Holding this appeal in abeyance would prevent any such undue hardship.

*Third*, holding this case in abeyance would not damage any party. Appellants' request is not indefinite but bound specifically to the *Gopher Media* cert petition, and Appellants will submit status updates to this Court on the progress of that petition. To the extent Appellee argues that a stay of this appeal will delay discovery as to his state law claims in the trial court proceeding and therefore prejudice his ability to prepare for trial (currently set November 17, 2026), this is not a true risk of damage. The parties and court can agree to a new case schedule and trial date as needed if the state law claims return to the trial court, resolving any question of prejudice.

## CONCLUSION

Appellants therefore respectfully request that this Court stay all further appellate proceedings, including oral argument, and hold this appeal in abeyance

8

pending the outcome of the forthcoming application for writ of certiorari in *Gopher Media LLC v. Melone*, No. 24-2626.

RESPECTFULLY SUBMITTED this 8th day of November, 2025.

DAVIS WRIGHT TREMAINE LLP
JONATHAN L. SEGAL
ABIGAIL B. EVERDELL
SAMANTHA LACHMAN

By  /s/ *Abigail B. Everdell*
          Abigail B. Everdell

Attorneys for Defendants-Appellants
Andrew Callaghan, Channel 5 LLC, Evan
Gilbert-Katz, and Nicolas Mosher

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Court's Appellate Case Management System (ACMS) on November 7th, 2025.

I further certify that all participants in this case are registered ACMS users and that service will be accomplished via ACMS.

Dated: November 7, 2025

/s/ Aysha D. Lewis

Aysha D. Lewis

10